IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RETHA AUBREY,                                                                           PLAINTIFF

v.                                    Case No. 6:06-cv-6075

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

  Plaintiff, RETHA AUBREY, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 5).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

  Plaintiff protectively filed for SSI and DIB benefits on September 14, 2004, alleging

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

disability due to pain in her back, neck, shoulders, arms, and legs since August 1, 2002. (Tr. 10, 48, 57, 176). Plaintiff's applications were denied initially and on reconsideration. (Tr. 26-31). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on January 12, 2006. Plaintiff, represented by attorney Charles Padgham, appeared and testified at the hearing, along with vocational expert (VE) William Elmore. (Tr. 185-202). On August 18, 2006, the ALJ issued an unfavorable decision. (Tr. 10-17). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 3-5).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); and the ALJ erred by finding Plaintiff has the RFC for sedentary work. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; and substantial evidence supports the ALJ's RFC finding.

**A. *Polaski* Analysis**

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility. The Plaintiff asserts the ALJ failed to perform a proper *Polaski* evaluation. The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged. (Tr. 14).

First, the ALJ found a lack of objective medical evidence to support the alleged disabling painful symptoms. (Tr. 14). The ALJ also considered Plaintiff's medication usage. The Plaintiff

indicated she only took anti-imflamatories, but is no longer taking any medication because she ran out. (Tr. 191-192). The ALJ can consider Plaintiff's lack of strong pain medications as inconsistent with her complaints of pain. *See Smith v. Shalala*, 987 F 2d 1371, 1374 (8th Cir. 1993). Additionally, Plaintiff testified she did not have side effects from taking medication. (Tr. 191). The ALJ can consider the lack of side effects

The Plaintiff indicated she was unable to do anything for more than fifteen to twenty minutes. (Tr. 14, 194). However, no physician placed this level of physical limitation on Plaintiff as she testified too. In fact, on April 16, 2003, Dr. James Arthur encouraged Plaintiff to increase her activity level rather than decrease her activity. (Tr. 115).

I find substantial evidence to support the ALJ's credibility determination of Plaintiff and the ALJ performed a proper analysis of the factors set forth in *Polaski.*

### B. Residual Functional Capacity

Plaintiff argues she does not have the RFC for sedentary work and there is no substantial evidence to support such a finding by the ALJ. Defendant argues the ALJ's determination that Plaintiff has the RFC for sedentary work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801,

6

807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). The ALJ clearly also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden, and not the Commissioner's burden, to prove functional capacity. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). The ALJ found Plaintiff had the RFC for a restricted range of sedentary work. (Tr. 14). Sedentary work involves lifting no more than ten pounds at a time, no more than two hours of walking and standing a day, and six hours of sitting a day. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a). The ALJ added an additional restriction that Plaintiff could only occasionally bend, stoop, and climb at work. (Tr. 14).

The medical evidence supports the ALJ determination of Plaintiff's RFC. On August 13, 2002, Plaintiff's treating physician, Dr. Jeffery Bearden, stated Plaintiff had full strength in her legs

with no swelling or other joint abnormalities. (Tr. 151). On September 24, 2002, Dr. Bearden recommended Plaintiff not lift anything heavier than ten pounds. (Tr. 143). This limitation was incorporated by the ALJ in his work capacity finding for Plaintiff. (Tr. 14).

Dr. Bearden again saw Plaintiff on January 20, 2003. (Tr. 113). Dr. Bearden indicated Plaintiff was morbidly obese, but showed no signs of lumbar radiculopathy, or thoracic myelopathy. (Tr. 113). Dr. Bearden observed some tenderness in her lower and middle back, but found no muscle spasm or restriction of movement. (Tr. 113). Dr. Bearden did not see any significant disc herniation on Plaintiff's spinal magnetic resonance imagining (MRI) studies. (Tr. 113). Dr. Bearden believed Plaintiff's pain could be explained by early degenerative disc disease with some osteoarthritis. (Tr. 113). Dr Bearden did not believe Plaintiff's condition would respond to surgery. (Tr. 113). He recommended Plaintiff pursue weight loss, exercise, physical therapy, and medication. Dr. Bearden also indicated he didnt see a contradiction to her going back to work at regular duty. (Tr. 113).

On November 8, 2004, Plaintiff was seen by Dr. James Blackmon for a consultive examination. (Tr. 153). Dr. Blackmon indicated Plaintiff had back pain, but no neurological abnormalities. (Tr. 155). Plaintiff had a normal straight leg raising exam and no muscle spasms. Her range of motion was normal in every respect except her ability to flex her lower back which was 10 degrees less than normal. (Tr. 156). Plaintiff had full muscle strength and no muscle atrophy. (Tr. 157). Plaintiff had full grip strength in her hands and could use her hands to hold a pen and pick up a coin. (Tr. 157). Dr. Blackmon believed Plaintiff probably had early degenerative arthritis. (Tr. 159).

At the administrative hearing, the ALJ relied on the expertise of a VE to assist in the determination of Plaintiff's disability. (Tr. 199-201). As part of this determination, the VE was asked a hypothetical question utilizing Plaintiff's age, education, residual functional capacity, and prior work experience. (Tr. 199). This hypothetical question required the VE to assume the individual could sit for six hours out of an eight hour day, could stand and walk two hours out of an eight hour day, and could lift and carry ten pounds occasionally. The VE was also asked to assume this person could only occasionally bend, stoop, or climb due to obesity. (Tr. 199). A hypothetical question posed to a VE is sufficient if it sets forth those impairments supported by substantial evidence in the record and accepted as true by the ALJ; likewise, an ALJ may exclude any alleged impairment that he has properly rejected as untrue or unsubstantiated. *See Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001). In response to the hypothetical asked by the ALJ, the VE indicated such a person could work as a production assembler and such jobs exist in significant numbers in the national economy. (Tr. 199).

I find substantial evidence exists to support the ALJ's decision that Plaintiff possessed an RFC for a restricted range sedentary work.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of December, 2007.**

                                              /s/    Barry A. Bryant
                                              Honorable Barry A. Bryant
                                              United States Magistrate Judge